# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| WESTERN HERITAGE INSURANCE COMPANY, | ) ) ) | |
|     Plaintiff, | ) ) | CASE NO. _____ |
| v. | ) ) | DIV. NO. _____ |
| PARRISH LOVE d/b/a ASPHALT WIZARDS, FUN SERVICES OF KANSAS CITY, INC., DOES 1-50, | ) ) ) ) ) | |
|     Defendants. | ) | |

## CIVIL COMPLAINT

Plaintiff, WESTERN HERITAGE INSURANCE COMPANY (herein "Western"), alleges as follows:

### PRELIMINARY STATEMENT

1.    This case requests a declaration from the Court regarding the respective rights, duties and obligations of the parties under insurance policies issued to Defendant, PARRISH LOVE d/b/a ASPHALT WIZARDS (herein "Asphalt Wizards").

2.    Western issued several policies of insurance to Defendant insuring it from May 12, 2003 through May 18, 2007. On January 7, 2008, a class action lawsuit was filed against Asphalt Wizards for allegedly sending unsolicited advertisements via facsimile to numerous recipients in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The lawsuit was originally filed in the Circuit Court of Jackson County, Missouri as Case Number 0816.CV 00064 and styled as *Fun Services of Kansas City Inc. v. Parrish Love d/b/a Asphalt Wizards* (herein the "Fun Services Action").

## PARTIES

3.        Western is, and at all relevant times was, a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona. Western is, and at all relevant times was, a corporation authorized to transact the business of insurance in the state of Missouri.

4.        Western is informed and believes and based thereon alleges that Defendant Asphalt Wizards is a Missouri corporation, with its principal place of business located at 517 S. Lacy Rd., Independence, Missouri 64050.

5.        Western is informed and believes and based thereon alleges that Defendant Fun Services Of Kansas City, Inc. (herein "Fun Services") is a Kansas corporation, with its principal place of business in Johnson County, Kansas.

6.        Western is unaware of the true names and capacities of Defendants designated herein as DOES 1-50, inclusive, and therefore names and sues each of these Defendants by their fictitious names.  Western will therefore amend the Complaint to set forth the true names and capacities of the defendants designated herein as DOES 1-50, inclusive, when the same have been ascertained.

7.        Western is informed and believes and based thereon alleges that the fictitiously named Defendants, and each of them, are responsible and/or liable in some manner for the causes of action sued upon and/or may have an interest in a declaration regarding the rights, duties and obligations of the parties under the Policies.

8.        Western is informed and believes and based thereon alleges that at all times herein mentioned, each of the named Defendants and DOES 1-50, inclusive, were the agents, employees, and officers of each of the remaining Defendants, and that at all times mentioned

herein were acting within the course and scope of such agency and with the permission and consent of each of the remaining Defendants.

9.     Jurisdiction is proper in this Court based on diversity of the citizenship of the parties as set forth above.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

10.     Venue is proper in this Court because the underlying action, upon which this action is based, is pending in the Circuit Court of Jackson County, Missouri at Independence, and the events and circumstances giving rise to the allegations contained in the underlying action occurred predominantly within the Kansas City, Missouri area.  Further, Defendants in this matter are citizens of Missouri and have their principal place of business in Independence, Missouri.

## NATURE OF THE CLAIM

11.     Western brings this action against Defendants seeking a declaratory judgment regarding its duties to defend and indemnify Asphalt Wizards against claims in a Missouri state court action brought by Fun Services, on behalf of a class of individuals similarly situated, and arising from Asphalt Wizards' alleged wrongful transmission of unsolicited facsimile advertisements to members of the Plaintiff class.

12.     An actual controversy exists regarding the rights, duties and obligations of the parties with respect to coverage for the Fun Services Action under insurance policies issued by Western to Asphalt Wizards.

## FACTS

13.     Asphalt Wizards is the named insured under Commercial General Liability policies issued by Western—policy SCP0455178, effective May 12, 2003 to May 12, 2004;

policy SCP0510323, effective May 18, 2004 to May 18, 2005; policy SCP0553453, effective May 18, 2005 to May 18, 2006; and policy SCP0600069, effective May 18, 2006 to May 18, 2007 (herein "Policies"). The Policies are attached hereto, and incorporated herein, as Exhibit "1."

14.     Asphalt Wizards is a paving company that services the Kansas City metropolitan area. According to its website, Asphalt Wizards offers asphalt paving, concrete repair, seal coating, and crack sealing services.

15.     On January 7, 2008, a class action lawsuit was filed in the Circuit Court of Jackson County, Missouri as Case Number 0816 CV00064 against Asphalt Wizards for allegedly sending unsolicited advertisements via facsimile to numerous recipients. The lawsuit is styled as *Fun Services of Kansas City Inc. v. Parrish Love d/b/a Asphalt Wizards*.

16.     Fun Services filed suit on behalf of itself and other similar situated individuals and/or businesses that received unsolicited facsimile advertisements from Asphalt Wizards on approximately April 25, 2006, June 16, 2006 and August 22, 2006. The Plaintiff class alleges that Asphalt Wizards purchased and acquired lists of area business facsimile numbers, which it then compiled into a spreadsheet. Thereafter, Asphalt Wizards created the advertisements and hired and instructed Pro Fax to blast fax their advertisements to the list of fax numbers. The advertisements, which were attached to the Fun Services Petition, state "Asphalt Wizards can solve all of your parking lot maintenance issues." The ad goes on to list Asphalt Wizards' areas of specialization and urges recipients to "contact us today for your FREE ESTIMATE on all your upcoming projects."

17.     The Petition contains two Counts against Asphalt Wizards. Count One is for violation of the TCPA, 47 U.S.C. § 227, and Count Two is for Conversion.

18.     On its first Count for violation of the TCPA, Fun Services alleges that the TCPA provides a private right of action for violations from sending unsolicited facsimile advertisements.  According to the Petition, the TCPA provides for statutory damages of $500 per violation which may be tripled for any knowing or willful violations of the TCPA.  Furthermore, Fun Services contends that the TCPA also authorizes injunctive relief and damages for loss of use of the fax machines and the cost of the ink/toner and paper used to print the faxed advertisements.

19.     Fun Services contends that the class of Plaintiffs is entitled to damages under the TCPA based on the unsolicited facsimiles because the facsimiles were unsolicited advertisements, that Asphalt Wizards had not received express permission from the recipients to send, and Asphalt Wizards did not have established business relationships with Plaintiffs.

20.     To the extent that Asphalt Wizards' facsimile advertisements were sent in knowing violation of the TCPA, Plaintiffs contend that the Court is authorized to increase the amount of the award per violation to an amount equal to, but not more than, three times the $500 statutory fine.  Thus, Fun Services requests that the class Plaintiffs be awarded $1500 per knowing violation.

21.     On its second Count for conversion, Plaintiffs contend that by sending the unsolicited facsimiles, Asphalt Wizards temporarily deprived Plaintiffs of the use of their fax machines which could not be used for any other purpose while receiving the fax advertisements.  Plaintiffs also contend that the unsolicited faxes caused unauthorized wear and tear on their fax machines and depleted their paper and toner.  However, in their Petition, Plaintiffs fail to specify or request any specific damages for the alleged conversion of their fax machines and consumption of their supplies.

22.     The Petition filed by Fun Services against Asphalt Wizards is attached hereto, and incorporated herein, as Exhibit "2."

23.     In approximately June of 2008, Asphalt Wizards provided notice of the Fun Services claim, and Western agreed to defend Asphalt Wizards under a full reservation of rights. Western continues to provide Asphalt Wizards with a defense in the Fun Services Action.

## THE INSURANCE POLICIES

24.     Subject to the specific terms, conditions and exclusions of the Western Insurance policies, the Policies provide coverage to Asphalt Wizards for liability arising out of "property damage," or "bodily injury" under Coverage A., and for "personal and advertising injury" under Coverage B. while the Policies are in effect.

25.     Missouri law governs interpretation of the Policies.   In this case, the Policies insured Asphalt Wizards.  Asphalt Wizards' principal and only office is located in Kansas City, Missouri.   Furthermore, according to Asphalt Wizards' website, it limits its services to the "Kansas City Metro Area."   Additionally, the Petition against Asphalt Wizards was filed, and remains pending in the Circuit Court of Jackson County, Missouri.  The Petition also seeks to certify the class of Plaintiffs under Missouri law.

## COVERAGE A.-BODILY INJURY OR PROPERTY DAMAGE

26.     There is no coverage under Coverage A. of the Policies for the Fun Services Action, because the claim does not qualify as "bodily injury" or "property damage."  In order to constitute "property damage," there must be an "occurrence."  The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."   The Fun Services Action does not allege any accidental conduct by

Asphalt Wizards. Plaintiffs allege just the opposite—that Asphalt Wizards' transmission of the facsimile advertisements was intended.

## Property Damage

27.     Additionally, the Fun Services Petition does not allege property damage because it seeks almost exclusively civil penalties or fines under the TCPA. The TCPA requires that plaintiffs make an election between the statutory penalties of $500-$1500 per violation or actual damages. The pleadings and filings by the Plaintiff class in the Fun Services Action clarify that Plaintiffs have elected the TCPA's statutory penalties instead of whatever minimal consequential damages might be had under Plaintiffs' allegations of conversion for loss of use and loss of paper and toner from the unauthorized transmission of the advertisements to their fax machines.

## Bodily Injury

28.     The Fun Services Action is devoid of any allegation of bodily injury.

## Expected or Intended Injury Exclusion

29.     Finally, coverage under Coverage A. of the Policies is excluded by the Expected or Intended Injury Exclusion. Asphalt Wizards' conduct was intentional per the Petition of Fun Services. The class Plaintiffs allege in their Petition that Asphalt Wizards went out and purchased a list of fax numbers of potential clients from a service. In addition, they allege that Asphalt Wizards acquired a second list of fax numbers from a friend of the company, and thereafter, it combined the two lists into an Excel spreadsheet. After creating the spreadsheet, Asphalt Wizards sought out the services of Pro Fax, which it hired to blast fax its advertisements to all of the fax numbers on the spreadsheet.

30.     Additionally, Plaintiffs' Count Two for conversion does not constitute an accident. Asphalt Wizards knew that by transmitting the facsimile advertisements that the

transmissions would inevitably end up being received by the fax numbers they were sent to where they would be printed and occupy the recipients' fax machines. The logical and expected result of sending the fax advertisements to recipients on Asphalt Wizards' list of fax numbers is that they would be received by the recipients' fax machines, and thereafter printed on those machines.

## COVERAGE B.-PERSONAL AND ADVERTISING INJURY LIABILITY

31. There is no coverage under Coverage B. of the Policies because the claim arising from the Fun Services Action does not meet the definition of "Personal and advertising injury" as that term is used and defined in the Policies.

32. There is no coverage under Coverage B. of the Policies for the Fun Services Action because the Policies expressly exclude personal and advertising injury "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" Any personal or advertising injury that allegedly resulted from the actions of Asphalt Wizards was a logical and expected consequence of its transmission of unsolicited facsimiles and a knowing violation of rights of another.

## COVERAGES A. AND B.-COMBINED SPECIAL PROVISIONS LIABILITY INSURANCE ENDORSEMENT

33. Coverage is precluded under the Policies because the damages sought by Plaintiffs are the statutory penalties available under the TCPA which are punitive in nature. The Combined Special Provisions Liability Insurance Endorsement adds an exclusion to the Policies for punitive or exemplary damages. Under the exclusion, the Policies' coverages do not apply to any "claim or indemnification for punitive or exemplary damages nor to any form of equitable relief."

34.     There is no coverage under the 2006/2007 policy for an additional reason not applicable to the other policies.  The 2006/2007 policy adds form CG 00 67 3-05 Exclusion – Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information.   Under the endorsement, coverage for distribution of material in violation of statutes, including the TCPA, which is specifically referenced in the endorsement, is excluded from coverage under both Coverage A. for Bodily Injury or Property Damage and Coverage B. for Personal and Advertising Injury Liability.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
(Against All Defendants)

35.     Western realleges and incorporates by reference herein paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.     Western contends that it has no duty to defend Asphalt Wizards in the Fun Services Action or to indemnify it in the event of a settlement or finding of liability against it.

37.     Western contends that it has no duty to pay Fun Services any amount under the Policies because Fun Services is not an insured.  Further, the claims by Fun Services against the insured, Asphalt Wizards, are not covered under the Policies.

38.     Western is informed and believes, and based thereon alleges, that Defendants dispute this contention and contend to the contrary.

39.     An actual bona fide controversy exists between Western, on the one hand, and Defendants on the other hand, with respect to the parties' rights and obligations under the Policies.

40.     A judicial declaration is necessary so that the parties can ascertain their rights, duties and obligations under the Policies.

41. Because the need to defend Asphalt Wizards against the Fun Services Action is ongoing, no other adequate or speedy remedy at law exists for resolution of this controversy.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE COSTS AND AMOUNTS PAID
(As Against Defendant Asphalt Wizards)

42. Western re-alleges and incorporates by reference herein paragraphs 1 through 41, inclusive, as though fully set forth herein.

43. There is at present a controversy between Western and Asphalt Wizards as follows: Western contends that it does not now, and never did, have a duty to defend the claims in the Fun Services Action and/or a duty to indemnify Asphalt Wizards in connection with its claim arising therefrom. Western is therefore entitled to recover from Defendant Asphalt Wizards the costs and expenses and money it has paid for in defense and/or representation of Asphalt Wizards, and any settlement or judgment that it may have paid in connection with said claims under a reservation of rights. Western is informed and believes and thereon alleges that said Defendants, and each of them, contend otherwise.

44. Accordingly, Western requests that this Court declare that it is entitled to recover from Asphalt Wizards the costs and expenses it has paid for in defense and/or representation of said Defendants and any settlement or judgment in connection with the claims in the Fun Services Action, and it seeks judgment against Asphalt Wizards for the amounts it paid.

**WHEREFORE**, Plaintiff, Western Heritage Insurance Company, respectfully requests that this Court enter judgment as follows:

A. Declaring the rights, status and obligations of the parties under the Policies, including, but not limited to, the following: (1) a declaration that under the Policies, Western does not have a duty to defend Asphalt Wizards in the Fun Services Action; (2) a declaration

that, under the Policies, Western does not have a duty to indemnify Asphalt Wizards in the Fun Services Action; (3) a declaration that Western is entitled to reimbursement from Asphalt Wizards for the costs and expenses and money it has paid in the defense and/or representation of Asphalt Wizards, and any settlement or judgment that it may have paid in connection with the Fun Services action; and (4) a declaration that Western does not have a duty to pay Fun Services any amount under the Policies;

B.      For judgment against Asphalt Wizards for the amounts paid by Western in defense and/or for representation of Asphalt Wizards and for any amounts paid to settle or pay any judgment against Asphalt Wizards in connection with the claims in the Fun Services Action;

C.      For costs of suit incurred herein;

D.      For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

WALDECK, GOLDSTEIN & PATTERSON, P.A.

By:  /s/ Meagan L. Patterson                    
     Meagan L. Patterson, MO #58234
     5000 W. 95th Street, Suite 350
     Prairie Village, KS 66207
     Telephone: (913) 749-0300
     Facsimilie: (913) 749-0301
     E-Mail: meaganp@wgpkc.com

     Alan B. Yuter (Admitted Pro Hac Vice;
               California SBN 101534)
     SELMAN BREITMAN LLP
     11766 Wilshire Boulevard, Sixth Floor
     Los Angeles, CA  90025
     Telephone: (310) 445-0800
     Facsimile: (310) 473-2525
     E-Mail: ayuter@selmanbreitman.com

Eric B. Strongin (Admitted Pro Hac Vice;
California SBN 216561)
SELMAN BREITMAN LLP
6 Hutton Centre Drive, Suite 1100
Santa Ana, CA 92707
Telephone:(714) 647-9700
Facsimile:(714) 647-9200
E-Mail: estrongin@selmanbreitman.com
**ATTORNEYS FOR PLAINTIFF**