UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WESTERN HERITAGE INSURANCE COMPANY, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| v. | ) CASE NO. 4:13 – cv – 00034 - DGK ) ) |
| FUN SERVICES OF KANSAS CITY, INC., | ) ) |
| Defendant/Counterclaimant, | ) ) |
| and | ) ) |
| PARRISH LOVE d/b/a ASPHALT WIZARDS, DOES 1-50, | ) ) ) |
| Defendants. | ) |

**DEFENDANT FUN SERVICES'S OBJECTIONS AND RESPONSES TO PLAINTIFF WESTERN HERITAGE'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT FUN SERVICES OF KANSAS CITY, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Fun Services of Kansas City, Inc. responds and objects to Plaintiff Western Heritage Insurance Company's interrogatories:

**INTERROGATORIES**

**INTERROGATORY NO. 1**

Do YOU contend that ASPHALT WIZARDS hired PROFAX to transmit the SUBJECT FAXES to the UNDERLYING CLASS on its behalf?

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 2**

If YOU contend that ASPHALT WIZARDS instructed PROFAX to transmit the SUBJECT FAXES on its behalf, state all supporting facts.

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 3**

Do YOU contend that ASPHALT WIZARDS failed to obtain prior express invitation or permission to send the SUBJECT FAXES to the UNDERLYING CLASS?

**ANSWER:** The underlying petition, which is attached to Western Heritage's complaint, makes such allegations and governs the question of Western Heritage's duty to defend. Thus, Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 4**

If YOU contend that ASPHALT WIZARDS failed to obtain prior express invitation or permission to send the SUBJECT FAXES to the UNDERLYING CLASS, state all facts supporting YOUR contention.

**ANSWER:** The underlying petition, which is attached to Western Heritage's complaint, makes such allegations and governs the question of Western Heritage's duty to defend. Thus, Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 5**

Do YOU contend that PROFAX failed to obtain prior express invitation or permission to send the SUBJECT FAXES to the UNDERLYING CLASS?

**ANSWER:** The underlying petition, which is attached to Western Heritage's complaint, makes such allegations and governs the question of Western Heritage's duty to defend. Thus, Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 6**

If YOU contend that PROFAX failed to obtain prior express invitation or permission to send the SUBJECT FAXES to the UNDERLYING CLASS, state all facts supporting YOUR contention.

**ANSWER:** The underlying petition, which is attached to Western Heritage's complaint, makes such allegations and governs the question of Western Heritage's duty to defend. Thus,

Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 7**

Do YOU contend that the SUBJECT FAXES were unsolicited by the UNDERLYING CLASS?

**ANSWER:** The underlying petition, which is attached to Western Heritage's complaint, makes such allegations and governs the question of Western Heritage's duty to defend. Thus, Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 8**

If YOU contend that the SUBJECT FAXES were unsolicited by the UNDERLYING CLASS, state all facts supporting YOUR contention.

**ANSWER:** The underlying petition, which is attached to Western Heritage's complaint, makes such allegations and governs the question of Western Heritage's duty to defend. Thus, Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence.

Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 9**

Do YOU contend that ASPHALT WIZARDS intentionally sent the SUBJECT FAXES to the UNDERLYING CLASS through PROFAX?

**ANSWER:** No.

**INTERROGATORY NO. 10**

If YOU contend that ASPHALT WIZARDS intentionally sent the SUBJECT FAXES to the UNDERLYING CLASS through PROFAX, state all facts supporting YOUR contention.

**ANSWER:** See above.

**INTERROGATORY NO. 11**

Do YOU contend that ASPHALT WIZARDS knowingly sent the SUBJECT FAXES to the UNDERLYING CLASS through PROFAX?

**ANSWER:** No.

**INTERROGATORY NO. 12**

If YOU contend that ASPHALT WIZARDS knowingly sent the SUBJECT FAXES to the UNDERLYING CLASS through PROFAX, state all facts supporting YOUR contention.

**ANSWER:** See above.

**INTERROGATORY NO. 13**

Do YOU contend that in sending the SUBJECT FAXES through PROFAX, ASPHALT WIZARDS committed a knowing violation of the rights of the UNDERLYING CLASS?

**ANSWER:** No.

**INTERROGATORY NO. 14**

If YOU contend that in sending the SUBJECT FAXES through PROFAX, ASPHALT WIZARDS committed a knowing violation of the rights of the UNDERLYING CLASS, state all facts supporting YOUR contention.

**ANSWER:** See above.

**INTERROGATORY NO. 15**

Do YOU contend that ASPHALT WIZARDS did not have an existing business relationship with the members of the UNDERLYING CLASS?

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 16**

If YOU contend that ASPHALT WIZARDS did not have an existing business relationship with the members of the UNDERLYING CLASS, state all facts supporting YOUR contention.

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 17**

Do YOU contend that the members of the UNDERLYING CLASS did not maintain internet sites on which they voluntarily agreed to make available their facsimile numbers for public distribution?

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 18**

If YOU contend that the members of the UNDERLYING CLASS did not maintain internet sites on which they voluntarily agreed to make available their facsimile numbers for public distribution, state all facts supporting YOUR contention.

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 19**

Do YOU contend that the SUBJECT FAXES did not contain a legally sufficient opt-out notice under 47 USC §227(2)(D)?

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 20**

If YOU contend that the SUBJECT FAXES did not contain a legally sufficient opt-out notice under 47 USC §227(2)(D), state all facts supporting YOUR contention.

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 21**

Are YOU seeking statutory damages of $500 per violation from ASPHALT WIZARDS in the UNDERLYING CLASS ACTION?

**ANSWER:** Yes.

**INTERROGATORY NO. 22**

Are YOU seeking treble damages of $1500 per violation from ASPHALT WIZARDS in the UNDERLYING CLASS ACTION?

**ANSWER:** No.

**INTERROGATORY NO. 23**

Do YOU contend that ASPHALT WIZARDS, rather than PROFAX, was responsible for ensuring compliance with all applicable laws regarding the sending of unsolicited fax advertisements?

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 24**

If YOU contend that ASPHALT WIZARDS, rather than PROFAX, was responsible for ensuring compliance with all applicable laws regarding the sending of unsolicited fax advertisements, state all supporting facts.

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

**INTERROGATORY NO. 25**

If YOU contend ASPHALT WIZARDS had any viable defenses to YOUR claim for violation of the TCPA in the UNDERLYING CLASS ACTION, state all facts supporting YOUR contention.

**ANSWER:** Fun Services objects to this request as not relevant to any of the issues in this declaratory judgment action and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, the appropriate forum for this request is the underlying action, where, on information and belief, Western Heritage is controlling the defense.

Respectfully submitted,

   /s/ Max G. Margulis
Max G. Margulis, #24325MO
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022
F: (636) 536-6652
E-Mail: MaxMargulis@MargulisLaw.com

Rex A. Sharp, MO #51205
Barbara C. Frankland, MO #45223
Gunderson, Sharp & Walke, LLP
5301 West 75th Street
Prairie Village, KS 66208
P: (913) 901-0505
F: (913) 901-0419
Email: rsharp@midwest-law.com and
       bfrankland@midwest-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2013, I submitted the foregoing to Attorneys for Plaintiff Western Heritage Insurance Company, Meagan L. Patterson, MO #58234, WALDECK, GOLDSTEIN & PATTERSON, P.A., 5000 W. 95th Street, Suite 350, Prairie Village, KS 66207, Telephone: (913) 749-0300, Facsimilie: (913) 749-0301, E-Mail: meaganp@wgpkc.com and Alan B. Yuter (Admitted Pro Hac Vice, #101534 CA), Rachel E. Hobbs (Admitted Pro Hac Vice, #186424 CA), SELMAN BREITMAN LLP, 11766 Wilshire Boulevard, Sixth Floor, Los Angeles, CA 90025, Telephone: (310) 445-0800, Facsimile: (310) 473-2525, E-Mail: ayuter@selmanbreitman.com and rhobbs@selmanbreitman.com and to Attorney for Defendant Parrish Love d/b/a Asphalt Wizards, John Sommer 19049 East Valley View Parkway, Suite B, Independence, MO 64055, P: 816-795-7000, Email: johnsommerlaw@sbcglobal.net by email to Plaintiff and Defendant.

_____/s/ Max G. Margulis_____