IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WESTERN HERITAGE INSURANCE CO., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-0034-DGK |
| | ) | |
| PARRISH LOVE, d/b/a ASPHALT WIZARDS, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FUN SERVICES OF KANSAS CITY, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## ORDER GRANTING IN PART MOTION TO DISMISS COUNTERCLAIM

This declaratory judgment action concerns insurance coverage for a putative class action lawsuit filed by Defendant/Counterclaim Plaintiff Fun Services of Kansas City, Inc. ("Fun Services") against Defendant Parrish Love d/b/a Asphalt Wizards ("Asphalt Wizards") in the Circuit Court of Jackson County, Missouri. Plaintiff/Counterclaim Defendant Western Heritage Insurance Company ("Western Heritage") seeks a declaration that it does not have a duty to defend or indemnify its insured, Asphalt Wizards, from Fun Services' class action lawsuit.

Now before the Court is Western Heritage's motion to dismiss Fun Services counterclaims (Doc. 37). Western Heritage argues that the Court lacks subject-matter jurisdiction to hear these counterclaims because Fun Services lacks standing to bring them. Western Heritage contends Fun Services lacks standing because: (1) it is not a party or third-party beneficiary to the insurance policies at issue; (2) it does not have a present interest in the insurance policies at issue to seek declaratory relief; and (3) its counterclaims are not yet ripe

since they are dependent on contingencies in the underlying state court litigation. Western Heritage also argues Fun Services lacks standing to bring a specific counterclaim for "conflicted defense" because it has not been injured.[1] Western Heritage reasons that to the extent any party has been injured by a "conflicted defense," it is the insured, Asphalt Wizards, not Fun Services. Western Heritage concludes Fun Services is simply a third-party trying to litigate another party's rights.

In its response (Doc. 48), Fun Services notes that Western Heritage sued it, and Western Heritage's Complaint asserts that the Court possesses subject matter jurisdiction over this dispute. The Complaint alleges "[a]n actual controversy exists regarding the rights, duties, and obligations of the parties with respect to coverage for the Fun Services Action under insurance policies issued by Western," Compl. at ¶ 12, and "[a]n actual bona fide controversy exists between [Western Heritage] . . . and Defendants . . . with respect to the parties' rights and obligations under the Policies." *Id.* at ¶ 43. Fun Services also argues—and Western Heritage does not dispute[2]—that its counterclaims are compulsory counterclaims arising out of the same transaction or occurrence that is the subject matter of Western Heritage's claim, therefore Federal Rule of Civil Procedure 13(a) requires the counterclaims be brought now or waived. Fun Services contends that although its counterclaims seek relief that exceeds the amount and kind of relief sought by Western Heritage, they still arise from the same transaction or occurrence as Western Heritage's claims and so are compulsory counterclaims.

---

[1] In a footnote in its reply brief (Doc. 57), Western Heritage argues for the first time that Fun Services also lacks standing to bring counterclaims for "supplementary payments" and "vexatious refusal to pay and attorneys' fees" because Fun Services is not a beneficiary under the policies. Because this argument is raised for the first time in a reply brief, the Court will not consider it.

[2] In its reply brief (Doc. 57), Western Heritage states that "Fun Services argues that it is an indispensable party to the declaratory relief action but did not cite any authority that actually supports its position." This is partly true. Fun Services did not cite any authority that it is an indispensable party, but only because it did not argue it was an indispensable party. Instead, Fun Services argued its counterclaims were compulsory counterclaims, thus it was required to bring them in this case. This is a plausible argument. Because Western Heritage did not dispute this argument in its reply brief, it is conceded.

After carefully considering the parties' arguments, the Court finds that Fun Services' counterclaims are compulsory.  At the same time, the Court notes that Fun Services did not respond to Western Heritage's specific argument concerning the "conflicted defense" counterclaim, thus it has conceded that it lacks standing to bring such a counterclaim.

Accordingly, the motion (Doc. 37) is GRANTED IN PART.  The motion is denied with respect to all of Fun Services' counterclaims except its counterclaim for "conflicted defense."  This counterclaim is dismissed for lack of standing.

**IT IS SO ORDERED.**

Date:   March 10, 2014                             /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT